**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:14-CV-P111-JHM**

**CHARLES L. POWELL**                                                                          **PLAINTIFF**

**v.**

**RON HARRINGTON et al.**                                                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Charles L. Powell, filed a *pro se*, *in forma pauperis* complaint pursuant to 42

U.S.C. § 1983.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and

*McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v.*

*Bock*, 549 U.S. 199 (2007).  For the reasons set forth below, the action will be dismissed in part

and allowed to continue in part.

**I. SUMMARY OF CLAIMS**

Plaintiff, who was incarcerated at the Henderson County Detention Center (HCDC) at the

pertinent time, names as Defendants HCDC employees Jailer Ron Harrington and Officers Akins

and Bell and Southern Health Partners employee Lea Humphrey.  He sues all Defendants in their

individual and official capacities.  He alleges that "Southern Partners" refused him treatment for

pain and high blood pressure "on different occasions also gave me medications of another."  He

alleges that Captain Flag put him "on the floor with no mattress for 16 hrs a day without

justification."  He alleges that he had to use his fingers to eat and, because he had no drinking

cup, had to use a potato chip bag to drink.  He further alleges, "excessive force and spray without

cause because I said I didn't want to be in the hole with a person that smelled and [Capt. Flagg]

sprayed me sitting on floor with leg crossed and hands behind my back."  Plaintiff further

complains of overcrowded conditions with "2 people in one man cell to 5 people in the hole as a state inmate."

Plaintiff also alleges that Defendants Akins and Bell and Officer Carter hurt his arm.  He further states that Officer Conaway had Officer Carter spray him with "mace without cause all I was doing was wanting a doctor or nurse for my arm was in chronic pain because OFC Aking bent it and made a loud pop.  I think it was broken at the time it swelled up very very big and was worryed."  Plaintiff states that he is on Celexa and has stress, depression, and anxiety attacks.  He alleges that "Southern Health Partners gave me extra strength Tylenol then told me I'm not allowed these meds after coming back from KCPC then was told I couldn't finish talking to doctor had officers to make me leave without finishing telling Dr. Davis whats wrong." As relief, he requests monetary and punitive damages.

In an attachment to his complaint, Plaintiff provides further details.  He states that Defendant Bell and Officer Carter pulled him off of his mat, "threw water in the booking area," "twisting my legs and arms what ever limbs they can pull on the OFC Atkins grabbed my right rist push my elbow in it made a loud pop."  Plaintiff said his arm was broken "and it swelled up very very big and received no Dr. for there is nun but 1 time a week-n-no pain medication no x-ray."  He alleges that he cannot afford "housing or their medical and was refuse any kind of help."  He states further:

> It was about HCDC-n-SHP budget and my welfare was compromised and neglected.  I have a bone and plate replaced in my neck, my right hand has screw in it, broken ribs on both side, cracked hip, claps disic in back, mesh in abdomen.  Chronic oslyoprosis, chronic arthritis, swellin and pain in legs, arms and joints and the OFC at HCDC would get to physical bending and twisting spraying, tasing then laugh and talk about it . . . .

2

Plaintiff states he had an encounter in which another inmate was sprayed and "the over spray hit me as well didn't do anything." He also states, "I was also was handcuff down in a chair tased in chest several times and neck area this is illegal OFC Chris Boatmon did this."

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Conditions of confinement*

Plaintiff's claims related to the conditions of his confinement consist of overcrowding, having no mattress for 16 hours a day, having to drink out of potato chip bag, and having to eat with his fingers.

3

The Constitution does not protect a prisoner from unpleasant prison experiences. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).  Nor does the Constitution mandate comfortable conditions of confinement. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  Moreover, overcrowding in a prison is not itself a violation of the constitution. *Id.* at 347-48.  Overcrowded conditions can be restrictive and even harsh; however, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Id*. at 348.  Plaintiff's simple allegation that overcrowding exists is not a deprivation of the minimal civilized measure of life's necessities.

Nor do Plaintiff's other complaints about the conditions of his confinement rise to the level of a constitutional violation.  According to the complaint, Plaintiff was provided with a mattress for sleeping eight hours per day, and he does not allege that he had nowhere to sit during the remaining 16 hours of the day.  Thus, the Court finds that he has failed to allege a constitutional violation regarding deprivation of a mattress. *See, e.g.*, *Driskell v. Jones*, No. 2:11-CV-721-WKW, 2014 WL 4795048, at *14 (M.D. Ala. Sept. 25, 2014) (finding that where prisoner's mattress was removed during the day and returned at night, but prisoner does not allege that deprivation of a mattress caused him physical harm was not a constitutional violation).

Moreover, the lack of a cup to drink from or utensils to eat with also does not rise to the level of a constitutional violation. *See, e.g.*, *Denhof v. Michigan*, No. 1:14-cv-495, 2014 WL 3401985, at *10 (W.D. Mich. July 10, 2014) (finding no Eighth Amendment violation where prisoner could use his hands as a cup); *Williams v. Campbell*, No. 07-885, 2008 WL 2816089 (E.D. Pa. July 18, 2008) (finding where prisoner was required to eat food with his hands because he did not have utensils, although he ate less neatly than he desired, did not state an Eighth

Amendment claim). Consequently, Plaintiff's conditions-of-confinement claims will be dismissed for failure to state a claim.

***Excessive-force claims***

Plaintiff alleges that Defendants Akins and Bell and Officer Carter hurt his arm. He further states that Officer Conaway had Officer Carter sprayed him with "mace without cause all I was doing was wanting a doctor or nurse for my arm was in chronic pain because OFC Aking bent it and made a loud pop." Plaintiff alleges that the "OFC at HCDC would get to physical bending and twisting spraying, tasing then laugh and talk about it . . . ." Plaintiff states that on one occasion "the over spray" hit him even though he had not done anything. He also states, "I was also was handcuff down in a chair tased in chest several times and neck area this is illegal OFC Chris Boatmon did this."

The Court will allow the individual-capacity claims against Defendants Akins and Bell regarding hurting his arm to go forward.

Plaintiff has not named as defendant(s) the officer(s) he alleges were responsible for spraying him or tasing him. The Court will provide Plaintiff with an opportunity to amend the complaint to name any additional Defendants he may wish to sue related to the incidents of being sprayed or tased alleged in his complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

With regard to Plaintiff's official-capacity claims against these Defendants, those claims are actually brought against their employer, the Henderson County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). When a § 1983 claim is made against a municipality, like Henderson County, a court must analyze two distinct issues: (1) whether the plaintiff's harm

was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404

(1997) (indicating that plaintiff must demonstrate "deliberate conduct"). Because Plaintiff does not allege a policy or custom of Henderson County was responsible for the alleged excessive-force violations, the official-capacity claims will be dismissed for failure to state a claim.

### *Medical treatment*

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "'deliberate indifference to serious medical needs.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Plaintiff claims Southern Health Partners refused him treatment for pain and high blood pressure "on different occasions also gave me medications of another." He alleges that "Southern Health Partners gave me extra strength Tylenol then told me I'm not allowed these meds after coming back from KCPC then was told I couldn't finish talking to doctor had officers to make me leave without finishing telling Dr. Davis whats wrong." Because the only Southern Health Partners employee named by Plaintiff as a defendant is Lea Humphrey, the Court will allow the Eighth Amendment claim against Defendant Humphrey to go forward in her individual capacity.

Plaintiff also sued Defendant Humphrey in her official capacity. As discussed above, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. The same analysis that applies to municipalities applies to a § 1983 claim against a private corporation like Southern Health Partners.[1] *See Street v. Corr. Corp. of*

---

[1] For purposes of this initial review, the Court will accept that Southern Health Partners is a "person" subject to liability under § 1983. *See West v. Atkins*, 487 U.S. 42, 56 (1988) (holding

*Am*., 102 F.3d 810, 814 (6th Cir. 1996). Reading the complaint liberally, Plaintiff has alleged the existence of a policy or custom with respect to this claim. Consequently, the official-capacity claim against Defendant Humphrey also will be allowed to go forward.

### *Claims against Defendant Harrington*

The only allegation Plaintiff's complaint makes about Defendant Harrington is that he wrote a letter to Defendant Harrington asking to be transferred to a medical facility and Defendant Harrington refused to do so "because for the housing-n-medical fee they both can receive when I personal written or verbally told them I can't afford housing or their medical and was refuse any kind of help." Plaintiff fails to show that conduct by Defendant Harrington caused a violation of his constitutional rights. Plaintiff has not demonstrated that Defendant Harrington knew of and disregarded an excessive risk to his health or safety in refusing a transfer to a medical facility. Therefore, Plaintiff fails to state a cognizable Eighth Amendment claim against Defendant Harrington in his individual capacity. *See Farmer v. Brennan*, 511 U.S. at 835.

Nor does Plaintiff state a claim against Defendant Harrington in his official capacity. Even a liberal reading of his complaint does not show allegations of a custom or policy resulting in a constitutional violation. At most, Plaintiff has offered conclusory and speculative innuendo regarding housing and medical fees. The claims against Defendant Harrington will be dismissed.

---

that a private medical provider contracted to provide medical care to prisoners is a state actor for purposes of § 1983).

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's conditions-of-confinement claims, the individual and official-capacity claims against Defendant Harrington, and the official-capacity claims against Defendants Akins and Bell are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that **within 30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may amend the complaint to name as Defendants any other officers/employees allegedly involved in the excessive-force incidents about which he complains in his original complaint.

The Clerk of Court is **DIRECTED** to place the instant case number and word "Amended" on a § 1983 complaint form and send it, along with two blank summons forms, to Plaintiff for his use should he wish to amend the complaint.

Plaintiff is **WARNED** that failure to file an amended complaint within 30 days will result in the dismissal of any additional excessive-force claims.

The Clerk of Court is **FURTHER DIRECTED** to terminate Ron Harrington as a Defendant in this action.

The Court will enter a separate Scheduling Order to govern the development of the continuing claims, *i.e.*, the Eighth Amendment claims against Defendant Humphrey in her

individual and official capacities and the claims against Defendants Akins and Bell in their

individual capacities for excessive force.

Date: March 25, 2015

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Henderson County Attorney
4414.009