# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CHARLES L. POWELL, Jr.**                                                                  **PLAINTIFF**

**v.**                                     **CIVIL ACTION NO. 4:14-CV-P111-JHM**

**LEA HUMPHREY et al.**                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is the motion for summary judgment (DN 54) filed by the only remaining Defendant in this action, Lea Humphrey. Plaintiff Charles L. Powell, Jr., did not file a response.

The Court by Order (DN 56) gave Plaintiff additional time to file a response as well as guidance in responding to a motion for summary judgment under Federal Rule of Civil Procedure 56. Plaintiff then asked for an extension of time to respond, which this Court granted (DN 59). Plaintiff again did not file a response. Instead, shortly after the 30-day period for a response expired, Plaintiff filed another motion for extension of time (DN 60), this time stating that he needed additional time to find a lawyer because Henderson County Detention Center (HCDC) does not have a legal aide. The Court denied the motion for extension of time, noting that nothing had prevented Plaintiff from seeking to engage counsel in the over two years that this case has been pending; that the Court had warned in its prior Order that further extensions of time would not be granted; that in the approximately two months since he filed his motion, no counsel had entered an appearance for Plaintiff; and that Plaintiff still had not responded to the summary-judgment motion filed over six months earlier. The Court now takes the pending summary-judgment motion under consideration.

## I.

In his complaint, Plaintiff alleged in pertinent part that he had been denied pain and high blood pressure medication and a medical mat while he was incarcerated at HCDC. Defendant Humphrey was a nurse with Southern Health Partners employed at HCDC.

In her summary-judgment motion, Defendant Humphrey asserts that she has reviewed Plaintiff's sick-call slips and affidavits provided by Plaintiff which involve her. She argues that based on these records there are no facts that Plaintiff could bring forward to support his constitutional claim of inadequate medical treatment.

## II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**III.**

The Eighth Amendment protects prisoners from the "unnecessary and wanton infliction of pain." U.S. Const. amend. VIII. An Eighth Amendment claim requires a plaintiff to prove two distinct components – one objective and one subjective. First, the alleged deprivation must be, objectively, "sufficiently serious," *i.e.*, the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). Second, the official must have been "deliberately indifferent" to the inmate's health or safety. *Id.*

Both pain and high blood pressure can be a "sufficiently serious" medical need for purposes of a deliberate indifference claim. *See Boretti v. Wiscomb*, 930 F.2d 1150, 1154-55 (6th Cir. 1991) (recognizing that "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering"); *Hensley v. Dugger*, No. 2:13-CV-76-JRG-DHI, 2014 WL 6982397, at *5 (E.D. Tenn. Dec. 10, 2014) ("A prisoner's heart problems, high blood pressure, usage of a C-pap machine (presumably used to treat a breathing disorder such as sleep apnea), and bowel obstruction constitute serious medical needs.").

The second and subjective component of the *Farmer* test is met "where a plaintiff demonstrates that prison officials acted with 'deliberate indifference' to a serious medical need," which "is the equivalent of 'recklessly disregarding that risk.'" *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008) (quoting *Farmer*, 511 U.S. at 836). In other words, "[s]atisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant prison official acted with a

3

sufficiently culpable state of mind.'" *Quigley v. Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

Defendant Humphrey argues that Plaintiff received "thorough medical treatment, medication, and prompt responses to all of his complaints every time" he filled out a sick-call slip. She further argues that "the majority of these requests were addressed by non-party medical providers" and that medical records show that Plaintiff "was regularly refusing medications, hoarding medications, exhibiting hostility towards the medical staff, and on at least one occasion, threw a cup of water in the medical personnel's face."

Defendant Humphrey argues that no evidence shows that she was deliberately indifferent and therefore she is entitled to summary judgment in her favor. She argues that, according to the documents Plaintiff provided in an effort to support his allegations, Nurse Humphrey was only involved in his care and treatment on two occasions: April 17 and 23, 2014.

Attached to the motion is an April 15, 2014, sick-call slip from Plaintiff stating that he was having "usuall back, neck, head, body and the abuse I received yesterday bang my head im having head ack and cervear leg-n-nee pain." He stated that he needed Tylenol to help with his pain. Defendant Humphrey notes in her summary-judgment motion that:

> the provision of pain medication is very sensitive in a detention center setting for various reasons, including hoarding, selling, addiction, and possible overdose. Moreover, over-the-counter pain medication is available for purchase at the facility's commissary. Despite all of this, Mr. Powell was assessed by a non-Defendant healthcare provider, and was approved to have pain medication provided to him per [Defendant] Humphrey.

Also attached to the summary-judgment motion is a an inmate sick call slip medical request form for various complaints filled out by Plaintiff on April 21, 2014, at 10:30 p.m. He appears to ask for a medical mat, Mylanta, Tylenol, and Lisinopril. The response to that sick-call slip indicates that Plaintiff was brought to the medical area on April 23, 2014, where he was

4

assessed by Defendant Humphrey. Defendant Humphrey explained to Plaintiff that he was to use the commissary and what the criteria were for an extra mat. A "Medication Dispense" form shows that Plaintiff was given Celexa, Lisinopril, and Naproxen a couple of days later on April 27, 2014.

In another sick-call slip filled out on April 25, 2014, Plaintiff again requests extra-strength Tylenol. He was seen by another medical staff member on April 26, 2014, who explained to Plaintiff that he was receiving Naproxen. That form notes that Plaintiff "became very argumentative and belligerent" and refused to discuss any other issues on his sick-call slip. A "Medication Dispense" form dated May 1, 2014, shows that Plaintiff refused his medication and threw a cup of water on the nurse. Additionally, a medical progress note from April 29, 2014, states that Plaintiff "stated to me during med pass that he only wants his naproxen. He is refusing all his B/P meds so his blood pressure will get so high that he has to be taken to the hospital. At this time he refused to take his Lisinopril and Celexa." A medical progress note from May 3, 2014, states that Plaintiff had been diagnosed with anti-social personality and anxiety and was known for malingering and a history of alcohol abuse. That note further states: "we have evaluated his pain meds and he requested only Tylenol and done ok on that or Ibu. per RN experience." That note further states that Plaintiff "may have Ibu or Tylenol as needed for pain."

Thus, the evidence contradicts Plaintiff's allegation that he was not provided medication. The evidence shows that Defendant Humphrey was not deliberately indifferent to Plaintiff's serious medical needs. The Court finds that the record could not lead the trier of fact to find for Plaintiff. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 586.

## IV.

For the foregoing reasons,

**IT IS ORDERED** that Defendant Humphrey's motion for summary judgment (DN 54) is **GRANTED**. The Court will enter a separate Judgment dismissing this case.

Date: August 2, 2017

*[Signature: Joseph H. McKinley]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Counsel of record
4414.009